## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME SMALL, | : | Civil No. 1:20-CV-01242 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| K. KAUFFMAN, SUPERINTENDENT, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

On July 13, 2020, self-represented Plaintiff Jerome Small, commenced this action concerning prison staff's failure to wear appropriate personal protective equipment ("PPE") when dealing with the inmate population leading to his exposure to COVID–19.  (Doc. 1.)  Recently Small filed an amended complaint which adds a retaliation claim against the named defendants for events that transpired after the commencement of this action.  (Doc. 20.)  Because Small may file an amended pleading as a matter of course at this juncture, the court will construe his amended complaint as a supplement to his original complaint.  The court will deny Defendants' motion to dismiss (Doc. 16) without prejudice to allow them to file a comprehensive response to Plaintiff's complaint and supplemental complaint.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Jerome Small is an inmate housed at the Huntingdon State Correctional Institution ("SCI-Huntingdon"), in Huntingdon, Pennsylvania.  (Doc. 1.)  Named as defendants are two Pennsylvania Department of Corrections ("DOC") employees who work at SCI-Huntingdon:  Superintendent Kevin Kauffman and Grievance Coordinator Constance Green.  (*Id*.)  In his complaint, Small alleges that since March 2020, inmates at SCI-Huntingdon have been exposed to COVID–19 due to the institution's poor ventilation and Superintendent Kauffman's failure to require staff to wear "correct PPE" when coming into contact with inmates.  He alleges staff are wearing "scarves and bandannas" and not wearing gloves when passing out meals or mail.  (*Id*.)

In July 2020, when Small filed his complaint, he alleged that there was "a whole block [under] quarantine," "183 positive [cases] and 5 deaths [due to COVID-19], [and] over 54 staff members have tested positive."  (*Id*., p. 1, 4.)  Small claims that Ms. Green, in her role as the facility's Grievance Coordinator, improperly denied his grievance as untimely.  (*Id*., p. 2.)  He seeks injunctive relief and monetary compensation for Defendants' actions which he alleges have violated his Eighth Amendment rights.

On October 13, 2020, DOC Defendants filed a motion to dismiss the complaint.  (Doc. 16.)  Small has not filed a brief in opposition to this potentially dispositive motion.

However, on October 28, 2020, Small filed an amended complaint.  (Doc. 20.)  Small's amended complaint does not include any facts or allegations presented in his original complaint.  Instead, the pleading that Small has titled "amended complaint" asserts a retaliation claim against the DOC Defendants for improperly denying him two magazines sent to him on September 2, 2020.  Small claims that Superintendent Kauffman "is the person who puts the Incoming Publication Review Committee, [IPRC] together to review mail, that leads to the grant or denial of mail" under the prison's Inmate Mail and Incoming Publications policy, DC–ADM 803.  Ms. Green denied Small's grievance concerning the matter "with an off the wall reason" according to Small.  Superintendent Kauffman upheld Ms. Green's denial of Small's grievance.  Small claims "[t]her is discrimination with regard to how the white published magazines are viewed ver[sus] the african american magazines are scrutinized."  (*Id*. at 3.)

## DISCUSSION

Small filed his amended complaint within twenty-one days of the DOC Defendants' motion to dismiss.  As such, he may file an amended complaint as a matter of course without leave of court.  *See* Fed. R. Civ. P. 15(a)(1)(B).  Rule

15(d) of the Federal Rules of Civil Procedure governs supplemental complaints and provides in part that "[o]n motion and reasonable notice, the court may, on just terms permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event *that happened after the date of the pleading to be supplemented*."  (emphasis added).  Federal Rule of Civil Procedure 18(a) governs the joinder of claims.  Rule 18(a) provides: "A party asserting a claim ... may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  Here, the retaliation claim asserted in Small's amended complaint falls within the category of an independent claim against the same defendants named in his original complaint based on events that transpired following the filing of his complaint.  As such, Small's amended complaint will be construed as a supplemental pleading pursuant to Fed. R. Civ. P. 15(d).

## Conclusion

For the above stated reasons, the court will construe Small's amended complaint as a supplement to his complaint consistent with Fed. R. Civ. P. 15(d). The DOC Defendants' motion to dismiss, Doc. 16, will be dismissed without prejudice.  DOC Defendants shall file a consolidated response or other pleading to the original and supplemental complaints in accordance with Fed. R. Civ. P.

15(a)(3).  An appropriate order will issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated:  November 16, 2020