# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME SMALL, | : | Civil No. 1:20-CV-01242 |
| Plaintiff, | : | |
| v. | : | |
| K. KAUFFMAN, SUPERINTENDENT, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Jerome Small ("Plaintiff") is a self-represented individual formerly incarcerated at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI-Huntingdon").[1]  Plaintiff initiated this action in July 2020 asserting that Defendants Superintendent K. Kauffman ("Kauffman") and his assistant Connie Green ("Green") violated his Eighth Amendment rights and retaliated against him for his filing of grievances. (Docs. 1, 20, 77.)  Presently ripe for disposition is Defendants' motion to dismiss Plaintiff's second amended complaint.  (Doc. 91.)  For the following reasons, the court will grant Defendants' motion in part and deny it in part.  The First Amendment retaliation claims against Defendant Kauffman regarding the denial of Plaintiff's magazines and his transfer to SCI-Greene will not be dismissed.  Any First Amendment retaliation claims against Defendant

---

[1] Plaintiff is currently housed at SCI-Greene. *See http://inmatelocator.cor.pa.gov* (search: HF6068; last visited June 22, 2023).

Kauffman regarding the withholding of Plaintiff's legal work and property will be dismissed. All claims against Defendant Green will be dismissed.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated his action by filing an initial complaint in July of 2020. (Doc. 1.) He filed an amended complaint in November of 2020, which this court deemed to be a supplemental complaint. (Docs. 20, 69, p. 8.)[2] Defendants filed a motion to dismiss for failure to state a claim. (Doc. 30.) On December 3, 2021, this court entered an order allowing Plaintiff's retaliation claims included in the supplemental complaint to proceed, dismissing Plaintiff's Eighth Amendment claims, and allowing Plaintiff to file an amended complaint. (Doc. 70.) The memorandum accompanying the order included instructions on how to file an amended complaint, including "any amended pleading filed by Small replaces all prior pleadings filed with the court. Therefore, Small must plead all claims against Defendants, including those that were not dismissed by the court, i.e. his retaliation claim, in his second amended complaint." (Doc. 69, p. 27.)

Plaintiff then filed an amended complaint on February 11, 2022. (Doc. 77.) In the amended complaint, he realleged both the Eighth Amendment claim based on COVID-19 procedure and his prior retaliation claims, and he raised new retaliation claims. (*Id.*) On August 1, 2022, the court entered a memorandum and

---

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

2

order dismissing Plaintiff's Eighth Amendment claims with prejudice, dismissing Plaintiff's retaliation claim against Defendant Kauffman regarding his transfer to a new facility without prejudice, allowing Plaintiff's retaliation claim against Defendant Kauffman regarding his transfer to SCI-Greene to move forward, dismissing Plaintiff's retaliation claim against Defendant Kauffman regarding his housing once relocated to SCI-Greene with prejudice, and dismissing Plaintiff's retaliation claim against Defendants Kauffman and Green regarding his magazines, legal papers, and property without prejudice. (Doc. 89.) Plaintiff was granted leave to file an amended complaint, but was cautioned that any amended pleading filed with the court would replace all prior pleadings. (Docs. 88, 89.) Specifically, the memorandum stated that "Plaintiff must plead all remaining claims against Defendants, including only those that were not dismissed by the court, i.e. his retaliation claim locating him further from family." (Doc. 88, p. 15.)

On August 16, 2022, Plaintiff filled a second amended complaint. (Doc. 90.) The second amend complaint brings retaliation claims associated with the receipt of Plaintiff's magazines, his transfer to SCI-Greene, and the withholding of his legal properly following the transfer against Defendants Kauffman and Green. (*Id*.) Specifically, the second amended complaint alleges that on September 1, 2020, Plaintiff received an order from this court notifying Plaintiff that his motion for *in forma pauperis* status had been granted and that Defendants were served.

(*Id*., p. 2.)  It alleges that on September 2, 2020, Plaintiff was given only one of three magazines.  (*Id*.)  And then, it alleges that on September 11, 2020, Plaintiff received two denial forms.  (*Id*.)  Plaintiff alleges that the magazines did not violate the policies of DC-ADM 803, that there was no reason given for the denials, and that the denials stated both magazines were on the "banded list."  (*Id*.)

Plaintiff further alleges that with the denial of his mail, he would have to reach out to Defendants "in hopes and search of receiving my mail," but he knew he would not receive due process because there was a conflict of interest and it was "more likely than not will be prejudice."  (*Id*., pp. 2–3.)  He alleges that Defendant Kauffman is the individual who puts together the Incoming Publication Review Committee to review the mail and determine the grant or denial of inmate mail.  (*Id*., p. 3.)  Plaintiff alleges that he filed a grievance to Defendant Kauffman, which was denied by Defendant Green "with a[n] off the wall reason as to why my mail is being denied."  (*Id*.)  Plaintiff alleges that Defendant Kauffman upheld the denial, there was zero investigation into his appeal reasons, and there was discrimination with regard to how the white published magazines are viewed versus the African American magazines were "scrutinized," but then he insists that in this matter his property was denied because of the current lawsuit.  (*Id*., pp. 3– 4.)

Plaintiff also alleges that as a direct result of him filing the current civil action, Defendant Kauffman filed paperwork for his transfer to SCI-Greene, which is thirteen hours from his family in Philadelphia. (*Id.*, p. 4.) Plaintiff alleges that there are four other institutions closer to SCI-Huntingdon than SCI-Greene. (*Id.*) He alleges that while he has been incarcerated, he has worked, he has not been in fights, and has had above average reports in work and housing. (*Id.*) He states he has less than ten class 1 misconducts and has successfully participated in the community work program. (*Id.*) Therefore, Plaintiff alleges that there is no rationale for the transfer other than the filing of this civil action. (*Id.*, pp. 4–5.)

Plaintiff alleges that his transfer to SCI-Greene took place on October 7, 2021, and he has still not received the rest of "said legal work and property." (*Id.*, p. 5.) He states that the "first bit" of his property was delivered on November 22, 2021, and he then spoke with the unit manager about not receiving all of his property. (*Id.*) He alleges that Mr. Ankram, the unit manager, and Mr. Coule, the acting unit manager, emailed SCI-Huntingdon. (*Id.*) SCI-Huntington emailed back stating that they found three boxes of his and that they would send them, but did not say when. (*Id.*) Plaintiff alleges that he filed a grievance regarding this with Defendant Kauffman's personal assistant, Ms. Wakefield, who denied the grievance as untimely. Plaintiff states that this "was done as a result of the Plaintiff's' lawsuit." (*Id.*) Plaintiff alleges that this denial was upheld by Facility

5

Manager, Mr. J. Rivello. (*Id.*, p. 6.) He alleges that the legal work consists of briefs from two trials, pre-trial motions, discovery materials, personal notes, that were taken during trials, and he requires this legal work for appeals. (*Id.*)

As relief, Plaintiff is seeking injunctive relief in the form of "Z code status" to protect against contracting Covid-19, monetary damages, and a transfer to either SCI-Chester or SCI-Phoenix. (*Id.*, pp. 6–7.)

Defendants have filed a motion for to dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 91.) The parties have briefed the issues and the motion is ripe for review.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Huntingdon, located in Huntingdon County, Pennsylvania, which is in this district. See 28 U.S.C. § 118(b).

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

     The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014).  A complaint that sets forth facts which affirmatively demonstrate that the

7

plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

It is well-settled that prison officials may not retaliate against an inmate because he exercises his right of access to the courts. *Fantone*, 780 F.3d at 191. A prisoner asserting a retaliation claim must allege the following elements: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). The filing of a lawsuit or a prison grievance constitutes protected activity under the First Amendment. *Fantone*, 780 F.3d at 191. The court now applies this framework to Plaintiff's claims against the Defendants.

**A. The Magazines**

**1. Defendant Kauffman**

The second amended complaint, liberally construed, alleges that Plaintiff filed a civil action in this court, that Defendant Kauffman denied Plaintiff his magazines, and that this denial was because of said lawsuit. (Doc. 90, pp. 2, 4.)

8

Defendants argue that Plaintiff has not shown that the instant lawsuit was the cause of this alleged retaliation. (Doc. 92, p. 8.)

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Here, Plaintiff has alleged that he received noticed of his waivers of service being sent to Defendants on September 1, 2023, and the following day he was denied his magazines. (Doc. 90, p. 2.) These alleged facts contained in the complaint are sufficient to meet the third prong by showing that the protected act was a substantial or motivating factor. Therefore, Defendants' motion to dismiss this claim as to Defendant Kauffman will be denied.

### 2. Defendant Green

The allegations in the second amended complaint concerning Defendant Green and the denial of the magazines are limited to her involvement in denying Plaintiff's grievance filed after the magazines were denied. (*Id.*, p. 3–4.) This is insufficient to support a § 1983 claim. "Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement." *Rode v. Dellarciprete,* 845 F.2d 1195, 1208 (3d Cir. 1988) (finding the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *see also Brooks v. Beard*, No. 05-3196, 2006 WL 332547, 167 F. App'x 923, 925

(3d Cir. Feb. 14, 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to a prison grievance, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct).  Therefore, Defendants' motion to dismiss the First Amendment retaliation claim regarding the denial of the magazines will be granted as to Defendant Green.

### B. Transfer to SCI-Greene

The second amended complaint, liberally construed, alleges that Plaintiff filed a civil action in this court, that Defendant Kauffman completed transfer papers to have him transferred further away from his family to SCI-Greene, and that this transfer was the done in retaliation for filing the instant action.  (Doc. 90, pp. 2, 4–5.)  Defendants argue that Plaintiff failed to provide "other material facts to corroborate such a statement."  (Doc. 92, p. 7.)  However, Plaintiff alleges a history of good conduct and successful completion of education as evidence that there is no alternative explanation for the transfer beyond retaliation.  (Doc. 90, pp. 4–5.)  Therefore, Plaintiff has properly pleaded a First Amendment retaliation claim against Defendant Kaufman concerning his transfer to SCI-Greene, and the motion to dismiss will be denied as to these alleged facts.

Significantly, the court notes that Plaintiff failed to allege any facts showing Defendant Green's involvement in this alleged retaliatory transfer.  (Doc. 90.)

Therefore, no First Amendment retaliation claim has been raised against Defendant Green concerning these alleged facts.

### C. Legal Work and Property

The second amended complaint attempts to raise a retaliation claim regarding Plaintiff's missing legal work and property.  (Doc. 90, pp. 5–6.)  However, nothing in the alleged facts names Defendants Kauffman or Green as having any personal involvement in the alleged withholding of Plaintiff's property.  It is well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."  *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).  Here, no alleged facts link Defendants Kauffman or Green directly to the withholding of Plaintiff's property.

The closest allegation involves Defendant Kauffman's personal assistant.  (Doc. 90, pp. 5–6.)  This suggests that Plaintiff is attempting to hold Defendant Kauffman liable based on his role as a supervisor.  However, "liability cannot be predicated solely on the operation of [respondent] superior."  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Rode,* 845 F.2d at 1207).  The required "[p]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  *Id*.  The second amended complaint

11

contains no such allegations. Therefore, Defendants' motion will be granted as to all First Amendment retaliation claims associated with the withholding of Plaintiff's legal work and property.

## CONCLUSION

Defendants' motion to dismiss, Doc. 90, will be granted in part and denied in part. His First Amendment retaliation claim against Defendant Kauffman for denying his magazines will not be dismissed. However, this claim will be dismissed as to Defendant Green. Likewise, Plaintiff's First Amendment retaliation claim against Defendant Kauffman for transferring Plaintiff to SCI-Greene will not be dismissed. However, the complaint fails to raise a similar claim against Defendant Green. Plaintiff's First Amendment retaliation claims against Defendants Kauffman and Green for the alleged withholding of Plaintiff's legal work and property will be dismissed.

Plaintiff will be not granted leave to file an amended complaint. This is Plaintiff's third attempt at bringing claims against Defendants. Therefore, the court finds that further attempts would be futile.

An appropriate order will follow.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Judge
> Middle District of Pennsylvania

Dated: June 29, 2023