## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME SMALL, | : | Civil No. 1:20-CV-01242 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ESTATE OF KEVIN KAUFFMAN, | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

Before the court are Plaintiff's motion for partial summary judgment and motion for substitution of parties following the death of Defendant Kauffman. The court will deny Plaintiff's motion for partial summary judgment and grant the motion for substitution.

### PROCEDURAL HISTORY AND BACKGROUND

Plaintiff initiated this action by filing an initial complaint in July of 2020. (Doc. 1.) He filed an amended complaint in November of 2020, which this court deemed to be a supplemental complaint. (Docs. 20, 69, p. 8.)[1] Defendants filed a motion to dismiss for failure to state a claim in December of 2020. (Doc. 30.) On December 3, 2021, this court entered an order allowing Plaintiff's retaliation claims included in the supplemental complaint to proceed, dismissing Plaintiff's Eighth Amendment claims, and allowing Plaintiff to file an amended complaint.

---

[1] For ease of reference the court uses the page numbers from the CM/ECF header.

(Doc. 70.)  The memorandum accompanying the order included instructions on how to file an amended complaint, including "any amended pleading filed by Small replaces all prior pleadings filed with the court.  Therefore, Small must plead all claims against Defendants, including those that were not dismissed by the court, i.e. his retaliation claim, in his second amended complaint."  (Doc. 69, p. 27.)

Plaintiff then filed an amended complaint on February 11, 2022.  (Doc. 77.)  In the amended complaint, he realleged both the Eighth Amendment claim based on COVID-19 procedure and his prior retaliation claims, and he raised new retaliation claims.  (*Id*.)  On August 1, 2022, the court entered a memorandum and order dismissing Plaintiff's Eighth Amendment claim with prejudice, dismissing Plaintiff's retaliation claim against Defendant Kauffman regarding his transfer to a new facility without prejudice, allowing Plaintiff's retaliation claim against Defendant Kauffman associated with his transfer to SCI-Greene to move forward, dismissing Plaintiff's retaliation claim against Defendant Kauffman associated with his housing once relocated to SCI-Greene with prejudice, and dismissing Plaintiff's retaliation claim against Defendants Kauffman and Green regarding his magazines, legal papers, and property without prejudice.  (Doc. 89.)  Plaintiff was granted leave to file an amended complaint, but was cautioned that any amended pleading filed with the court would replace all prior pleadings.  (Docs. 88, 89.)  Specifically, the memorandum stated that "Plaintiff must plead all remaining

claims against Defendants, including only those that were not dismissed by the court, i.e. his retaliation claim locating him further from family." (Doc. 88, p. 15.)

On August 16, 2022, Plaintiff filled a second amended complaint. (Doc. 90.) The second amend complaint brought retaliation claims associated with the receipt of Plaintiff's magazines, his transfer to SCI-Greene, and the withholding of his legal property following the transfer against Defendants Kauffman and Green. (*Id.*) As relief, Plaintiff is seeking injunctive relief in the form of "Z code status" to protect against contracting Covid-19, monetary damages, and a transfer to either SCI-Chester or SCI-Phoenix. (*Id.*, pp. 6–7.)

Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on August 30, 2022. (Doc. 91.) On June 29, 2023, the court entered an order granting the motion to dismiss in part. (Docs. 96, 97.) The court dismissed all claims except the First Amendment retaliation claims against Defendant Kauffman for denying his magazines and for transferring him to SCI-Green. (*Id.*)

On July 18, 2023, Defendant Kauffman answered the remaining claims in the operative complaint. (Doc. 98.) On January 22, 2024, the attorney for Defendant Kauffman filed a notice stating that Defendant Kauffman died on January 7, 2024. (Doc. 104.) In February, counsel for Defendant Kauffman filed a motion to stay the proceedings pending resolution of the notice of death, which was granted. (Docs. 105, 107.)

During this stay, Plaintiff filed a motion for partial summary judgment. (Doc. 108.)  Defendant Kauffman's counsel filed a motion to strike.  (Doc. 111.) On September 6, 2024, the court entered an order denying the motion to strike, lifting the stay, and ordering a motion for substitution of the parties be filed by September 17, 2024.  (Doc. 113.)  On September 19, 2024, the court received and docketed Plaintiff's motion to substitute the party dated September 15, 2024. (Doc. 114.)  On October 16, 2024, counsel for Defendant Kauffman filed a brief in opposition to the motion to substitute parties seeking to have the motion dismissed for failing to file a brief in support in accord with Local Rule 7.5.  (Doc. 115.) Plaintiff filed a brief in support on November 13, 2024.  (Doc. 116.)  On January 31, 2025, the court ordered service of the motion to substitute the party on the attorney for the Estate of Defendant Kauffman.  (Doc. 117.)  On February 18, 2025, the attorney for the Estate filed a response identifying the executor of the estate as Bailey J. Kauffman ("Executor") and asking the court to allow the General Counsel for the Department of Corrections to file a notice of appearance on the Executor's behalf to respond to the motion to substitute counsel.  On February 24, 2025, the court received and docketed Plaintiff's objections to the General Counsel for the Department of Corrections to be allowed to represent the Executor because two attorneys against the pro se litigant is unfair.  (Doc. 120.)

The court will now address the pending motion for partial summary

judgment and the issue of the substitution of the Executor for Defendant

Kauffman.

**DISCUSSION**

**A. Plaintiff's Motion for Partial Summary Judgment Will Be Denied.**

Plaintiff's motion for partial summary judgment asks the court to grant

Plaintiff's prayer for relief, and does not address the remaining claims pending

against Defendant Kauffman.  (Docs. 108, 109.)  Instead, the brief in support cites

multiple cases finding that retaliatory acts occurred in Department of Corrections

facilities and states that "[t]he conduct underlying the claims are indefensible."

(Doc. 109.)

A court may grant a motion for summary judgment when "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a).  A dispute of fact is material if resolution of

the dispute "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is

not precluded by "[f]actual disputes that are irrelevant or unnecessary."  *Id.*  "A

dispute is genuine if a reasonable trier-of-fact could find in favor of the

nonmovant' and 'material if it could affect the outcome of the case."  *Thomas v.*

5

*Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Plaintiff included an affidavit and supporting evidence, but made no argument as to how the evidence supports a finding of retaliation by Defendant Kauffman sufficient for a finding of summary judgment on the claims in this case. (Doc. 110.) Therefore, Plaintiff, as the moving party, has failed to meet his initial

responsibility of informing the court of the basis of his motion. As such, it will be

denied.

**B. The Executor Will Be Substituted for Defendant Kauffman.**

Pursuant to Fed. R. Civ. P. 25(a), the Executor will be substituted for

Defendant Kauffman moving forward. The court will grant Attorney Tara

Wikhian leave to file a notice of appearance on behalf of the Executor. The

caption in this case will hereinafter define the defendant in the action as the Estate

of Kevin Kauffman. The court will reset the deadlines established in the case

management order.

CONCLUSION

For the stated reasons, the court will deny Plaintiff's motion for partial

summary judgment, grant Plaintiff's motion for substitution of parties, and

substitute the Executor of the Estate of Kevin Kauffman in the place of Kevin

Kauffman. The court will reset the case management deadlines.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: March 3, 2025