## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEROME SMALL,                    :    Civil No. 1:20-CV-01242
                                 :
    Plaintiff,                   :
                                 :
    v.                           :
                                 :
ESTATE OF K. KAUFFMAN,           :
                                 :
    Defendant.                   :    Judge Jennifer P. Wilson

## <u>MEMORANDUM</u>

Before the court is Defendant's motion to for summary judgment.  (Doc. 127.)  The evidence submitted by Defendant demonstrates that Plaintiff did not exhaust his administrative remedies prior to filing this action in federal court. Therefore, the court will grant the motion for summary judgment and direct that judgment be entered in Defendant's favor.

### PROCEDURAL HISTORY AND BACKGROUND

Plaintiff initiated this action by filing an initial complaint in July of 2020. (Doc. 1.)  He filed an amended complaint in November of 2020, which this court deemed to be a supplemental complaint.  (Docs. 20, 69, p. 8.)[1]  Defendants filed a motion to dismiss for failure to state a claim in December of 2020.  (Doc. 30.)  On December 3, 2021, this court entered an order allowing Plaintiff's retaliation claims included in the supplemental complaint to proceed, dismissing Plaintiff's

---

[1] For ease of reference the court uses the page numbers from the CM/ECF header.

1

Eighth Amendment claims, and allowing Plaintiff to file an amended complaint. (Doc. 70.)  The memorandum accompanying the order included instructions on how to file an amended complaint, including "any amended pleading filed by Small replaces all prior pleadings filed with the court.  Therefore, Small must plead all claims against Defendants, including those that were not dismissed by the court, i.e. his retaliation claim, in his second amended complaint."  (Doc. 69, p. 27.)

Plaintiff then filed an amended complaint on February 11, 2022.  (Doc. 77.) In the amended complaint, he realleged both the Eighth Amendment claim based on COVID-19 procedure and his prior retaliation claims, and he raised new retaliation claims.  (*Id.*)  On August 1, 2022, the court entered a memorandum and order dismissing Plaintiff's Eighth Amendment claim with prejudice, dismissing Plaintiff's retaliation claim against Defendant Kauffman regarding his transfer to a new facility without prejudice, allowing Plaintiff's retaliation claim against Defendant Kauffman associated with his transfer to SCI-Greene to move forward, dismissing Plaintiff's retaliation claim against Defendant Kauffman associated with his housing once relocated to SCI-Greene with prejudice, and dismissing Plaintiff's retaliation claim against Defendants Kauffman and Green regarding his magazines, legal papers, and property without prejudice.  (Doc. 89.)  Plaintiff was granted leave to file an amended complaint, but was cautioned that any amended pleading filed with the court would replace all prior pleadings.  (Docs. 88, 89.)

2

Specifically, the memorandum stated that "Plaintiff must plead all remaining claims against Defendants, including only those that were not dismissed by the court, i.e. his retaliation claim locating him further from family." (Doc. 88, p. 15.)

On August 16, 2022, Plaintiff filed a second amended complaint. (Doc. 90.) The second amend complaint brought retaliation claims associated with the receipt of Plaintiff's magazines, his transfer to SCI-Greene, and the withholding of his legal property following the transfer against Defendants Kauffman and Green. (*Id.*)

Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on August 30, 2022. (Doc. 91.) On June 29, 2023, the court entered an order granting the motion to dismiss in part. (Docs. 96, 97.) The court dismissed all claims except the First Amendment retaliation claims against Defendant Kauffman for denying his magazines and for transferring him to SCI-Green. (*Id.*)

On July 18, 2023, Defendant Kauffman answered the remaining claims in the operative complaint. (Doc. 98.) On January 22, 2024, the attorney for Defendant Kauffman filed a notice stating that Defendant Kauffman died on January 7, 2024. (Doc. 104.) In February, counsel for Defendant Kauffman filed a motion to stay the proceedings pending resolution of the notice of death, which was granted. (Docs. 105, 107.)

During this stay, Plaintiff filed a motion for partial summary judgment. (Doc. 108.) Defendant Kauffman's counsel filed a motion to strike. (Doc. 111.) On September 6, 2024, the court entered an order denying the motion to strike, lifting the stay, and ordering a motion for substitution of the parties be filed by September 17, 2024. (Doc. 113.) On September 19, 2024, the court received and docketed Plaintiff's motion to substitute the party dated September 15, 2024. (Doc. 114.) On October 16, 2024, counsel for Defendant Kauffman filed a brief in opposition to the motion to substitute parties seeking to have the motion dismissed for failing to file a brief in support in accord with Local Rule 7.5. (Doc. 115.) Plaintiff filed a brief in support on November 13, 2024. (Doc. 116.) On January 31, 2025, the court ordered service of the motion to substitute the party on the attorney for the Estate of Defendant Kauffman. (Doc. 117.) On February 18, 2025, the attorney for the Estate filed a response identifying the executor of the estate as Bailey J. Kauffman ("Executor") and asking the court to allow the General Counsel for the Department of Corrections to file a notice of appearance on the Executor's behalf to respond to the motion to substitute counsel. On February 24, 2025, the court received and docketed Plaintiff's objections to the General Counsel for the Department of Corrections to be allowed to represent the Executor because two attorneys against the pro se litigant was allegedly unfair. (Doc. 120.)

On March 3, 2025, the court entered a memorandum and order denying Plaintiff's motion for summary judgment and granting the motion to substitute the party. (Docs. 121, 122.) The Executor of the Estate of Kauffman was substituted as Defendant in place of Kauffman and Attorney Tara J Wikhian was granted leave to file a notice of appearance on behalf of the Executor of the Estate of Kauffman. (Doc. 122.)

On June 3, 2025, Defendant filed a motion for summary judgment, a statement of material facts, supporting evidence, and a brief in support of the motion. (Docs. 127, 128, 129, 130.) Following an extension of time, Plaintiff filed a brief in opposition and four exhibits. (Doc. 133.) The court will now address the pending motion for summary judgment.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Huntingdon, located in Huntingdon County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

5

**STANDARD OF REVIEW**

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case." *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

### A. Defendant's Statement of Material Facts is Unopposed.

Defendant filed a statement of material facts along with his motion for summary judgment and brief in support.  (Docs. 128.)  Plaintiff responded with a brief in opposition, but no statement of material facts.  (Doc. 133.)

Local Rule 56.1 sets forth the following requirements for Plaintiff's response to any motion for summary judgment:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P.56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.
>
> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.
>
> Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.
>
> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

L.R. 56.1.

Therefore, the court deems the facts set forth by Defendant as admitted.

### B.  Material Facts Associated with Administrative Exhaustion.

The remaining claims in this action are limited to the First Amendment retaliation claims against Defendant Kauffman for denying Plaintiff's magazines and for transferring Plaintiff to SCI-Green.  (Doc. 97.)

Defendant submitted evidence that the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") maintains records of all inmate appeals to the Final Review and SOIGA's responses by submitting the affidavit of Amanda West, the Review Grievance Officer for the Pennsylvania Department of Corrections within the SOIGA.  (Doc. 129-1.).

The only grievance review submitted to SOIGA pertaining to the issues raised in the operative pleading was Grievance No. 894019.  (Doc. 129-1, p. 4; Doc. 129-3.)  This grievance concerned the denial of Plaintiff's magazines and did not raise any grievance against Defendant Kauffman.  (Doc. 129-3.)  This grievance was dismissed for failure to comply with the requirements of DOC-ADM 804 on December 10, 2020.  (Doc. 129-1, p. 4; Doc. 129-3, p. 1.)

### C. Defendant's Motion for Summary Judgment Will Be Granted Because Plaintiff Did Not Exhaust His Administrative Remedies.

A prisoner seeking relief in federal court based on prison conditions must properly exhaust all the available administrative remedies pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  To properly exhaust, a prisoner must bring his complaint to every

9

level of the state's prison grievance system and follow all its procedures. *Id*. Failure to exhaust administrative remedies results in a procedural default, precluding federal review of the claim. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004). The defendants have the burden to plead and prove that exhaustion has not been met. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

The final appeal decision from the SOIGA is dated December 10, 2020. (Doc. 129-3, p. 1.) This demonstrates that even if this decision by the SOIGA constituted the exhaustion of Plaintiff's administrative remedies, which the court is not finding that it does, it was not completed prior to initiating this case in federal court in July of 2020. The PLRA is very clear on this point: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until* such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (*emphasis added*). Therefore, Plaintiff initiated this action prior to the potential exhaustion of his administrative remedies. The Supreme Court has made clear that exhaustion is a prerequisite to the filing of a claim pursuant to Section 1983 by a prisoner: "federal prisoners suing under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." *Porter v. Nussle*, 534

U.S. 516, 524 (2002).  The court finds that Plaintiff did not conform with the PLRA.

In response, Plaintiff argues that he was precluded from exhausting his administrative remedies because when he asked for a grievance, he was denied a grievance form.  (Doc. 133-1, p. 4.)  However, Plaintiff did not properly respond to Defendants' statement of material facts.  *See supra*.  Therefore, the statement of material facts presented by Defendant is deemed admitted.  Furthermore, Plaintiff presents no evidence in support of his allegation that he was denied a grievance form.  Plaintiff, as the non-moving party, must oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial.  Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E.*, 765 F.3d at 268–69).

As such, the court finds that at the time Plaintiff initiated this action, he had not exhausted his administrative remedies with respect to the claims at issue.

### CONCLUSION

For the above-stated reasons, the court will grant Defendant's motion for summary judgment, order judgment in favor of Defendant, and close the case.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: March 30, 2026